Craig K. Perry, Esq.
Nevada Bar # 003786
CRAIG K. PERRY & ASSOCIATES
8010 W. Sahara Avenue, Suite 260
Las Vegas, Nevada 89117
Telephone (702) 228-4777
Fax (702) 943-7520
info@1stoplawfirm.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

KIRBY SPENCER,

              Plaintiff,

v.

KOHL'S DEPARTMENT STORES, INC.,

              Defendant.

Case No. 2:14-cv-01646-RFB-CWH

**JOINT SUBMISSION ON DISCOVERY**

**SPECIAL SCHEDULING REVIEW REQUESTED**

      The parties having held a FRCP 26(f) meeting and LR 26-1(e ) on December 11, 2014, and attended by CRAIG K. PERRY, ESQ. of CRAIG K. PERRY & ASSOCIATES, for Plaintiff, KIRBY SPENCER;  JORDAN T. SMITH, Esq. of PISANELLI BICE, PLLC,  and MICHAEL A. INNES of KELLEY, DRYE, & WARREN LLP (pro hac vice forthcoming) for Defendant KOHL'S DEPARTMENT STORES, INC. ("Kohl's") jointly submit their respective positions as to the timing of discovery (if any) in the above captioned case.

### I.    INFORMATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f)

### A. LIMITATIONS ON DISCOVERY

      As an initial matter, and as fully set forth in Kohl's Motion to Stay ("the Motion") filed on December 24, 2104 (Dckt. No. 10), Kohl's respectfully submits that any discovery in this action

-1-

should be stayed pending the ruling of the Federal Communications Commission ("the FCC") on two petitions that necessarily implicate issues to be decided by this Court and that will inform the scope of discovery (or determine whether the case should proceed at all).  The parties discussed the substance of the Motion to Stay prior to its filing.  Plaintiff declined to consent to the relief requested, and intends to oppose the Motion to Stay.  As such, while it is Plaintiff's position that discovery should move forward, Kohl's respectfully submits that any discovery should be stayed pending the FCC's ruling on the pending petitions.

## B. CHANGES TO BE MADE IN THE TIMING, FORM, OR REQUIREMENTS FOR DISCLOSURES

Plaintiff proposes exchanging the information required by Fed R. Civ. P. 26(a)(1) by January 13, 2015; whereas Kohl's respectfully submits that all discovery (including initial disclosures) should be stayed pending the FCC's ruling on the pending petitions. *See generally,* Def.'s Motion to Stay (Dckt. No. 10).

## C. SUBJECTS ON WHICH DISCOVERY MAY BE NEEDED

Plaintiff anticipates engaging in discovery permitted by the Federal Rules Civil Procedure, including but not limited to, interrogatories, requests for admission, requests for production, requests for inspection and depositions.

It is Kohl's position, however, that discovery should be stayed for the reasons set forth in its pending Motion to Stay. Def.'s Motion to Stay (Dckt. No. 10).   Indeed, as set forth more fully in Kohl's Motion to Stay, two petitions before FCC necessarily implicate issues to be decided by this Court and will inform the scope of discovery (or determine whether the case should proceed at all).

NJ01\lnneM\218074.1

**D. ISSUES ABOUT DISCLOSURE OF ELECTRONICALLY STORED INFORMATION**

The parties do not anticipate any issues surrounding the disclosure of electronically stored information.

**E. ISSUES ABOUT CLAIMS OF PRIVILEGE**

The parties do not anticipate any issues surrounding the claims of privilege or of protection as trial-preparation materials.

**F. OTHER ORDERS THAT THE COURT SHOULD ISSUE**

If this action is not stayed, the parties anticipate entering into a stipulated confidentiality agreement and protective order.

## II.    INFORMATION PURSUANT TO LR 26-1(e)(1)

As set forth in the Motion to Stay, it is Kohl's position that no discovery should occur. Plaintiff proposes to the court the following discovery plan:

(a)    **Discovery**:  Discovery will take 180 days, measured from November 17, 2014, which is the date of filing of the answer by Defendant Kohl's Department Stores, Inc.  This means all    discovery    must    be    commenced    in    time    to    be    completed by May 15, 2015.

(b)    **FRCP 26(a)(2) Disclosures – Experts**:  Disclosure of experts shall proceed according to FRCP 26(a)(2) and LR 26-1(e ). [60 days before discovery cut-off date and rebuttal 30 days after initial disclosure]

(i)    The disclosure of experts and expert reports shall occur on March 16, 2015;

(ii)    The disclosure of rebuttal experts and their reports shall occur on April 15, 2015.

-3-

(c) **Amendments to the Pleading and/or Adding of Parties:**

The final date for filing motions to amend the pleadings or to add parties shall be February 13, 2015. [not later than 90 days prior to discovery cut-off date]

(d) **Interim Status Reports:**

Kohl's proposes that the parties provide the Court with a joint interim status report regarding the status of the FCC petitions on a monthly basis. In the event that the FCC renders a decision on the petitions, then the parties shall file a joint letter advising the Court of the same, and articulating their respective positions as to the impact on the instant litigation.

Plaintiff proposes that the parties shall file the interim status report required by LR 26-3 by March 16, 2015. [not later than 60 days before discovery cut-off]

(e) **Dispositive Motions**:

Plaintiff proposes that dispositive motions should be filed no later than June 15, 2015. [not later than 30 days after discovery cut-off date]

It is Kohl's position that it is premature to set a date for the filing of dispositive motion as it has moved to stay the action.

(f) **Settlement:**

It is Plaintiff's position that the parties are not presently engaging in settlement discussion. Kohl's is willing to discuss the possibility of early resolution.

(g) **Pretrial Orders**:

It is Plaintiff's position that the joint pre-trial order and the accompanying disclosures required by FRCP 26(a)(4) be filed by July 15, 2015. [not later than 30 days after the date set for filing dispositive motions or, if motions filed, then 30 days after decision on dispositive motions]

-4-

It is Kohl's position that it is premature to set a date for the filing of pretrial orders as it has moved to stay the action.

(h) **Court Conference**:

The parties do not request a conference with the Court before entry of the scheduling order.

(i) **Later Appearing Parties**:

A copy of this discovery plan and scheduling order shall be served on any person served after it is entered, or if additional defendants should appear, within five (5) days of their first appearance.  This discovery plan and scheduling order shall apply to such later-appearing parties unless the Court, on motion and for good cause shown, orders otherwise.

...

...

NJ01\InneM\218074.1

Dated this 2ⁿᵈ day of January, 2015

Submitted by:

CRAIG K. PERRY & ASSOCIATES

*/s/ Craig K. Perry, Esq.*

Craig K. Perry, Esq. NV Bar No. 3786
8010 W. Sahara Avenue, Suite 260
Las Vegas, NV 89117

Attorneys for Plaintiff

Dated this 2ⁿᵈ day of January, 2015.

PISANELLI BICE PLLC

*/s/ Jordan T. Smith*

Jordan T. Smith, Esq., NV Bar No. 12097
400 S. 7ᵗʰ Street, Suite 300
Las Vegas, NV 89101

Lauri Mazzuchetti, Esq. (*pro hac vice application to follow*)
Michael Innes, Esq. (*pro hac vice application to follow*)
KELLEY DRYE & WARREN LLP
200 Kimball Drive
Parsippany, New Jersey 07054
Phone: (973) 503-5900
Fax: (973) 503-5950

Attorneys for Defendant

**IT IS SO ORDERED:**

_____

UNITED STATES DISTRICT JUDGE

DATED: _____

CASE NO.:    Case No. 2:14-cv-01646-RFB-CWH

NJ01\InneM\218074.1