Craig K. Perry
Nevada Bar No. 003786
CRAIG K. PERRY & ASSOCIATES
8010 W. Sahara Avenue, Suite 260
Las Vegas, Nevada 89117
Tel: (702) 228-4777
Fax: (702) 943-7520
info@1stoplawfirm.com

*ATTORNEYS FOR PLAINTIFF*
[Additional counsel appear on signature page]

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Kirby Spencer,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Kohl's Department Stores, Inc.,<br><br>　　　　　Defendant. | Case No. 2:14-CV-01646-RFB-CWH<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hon. Richard F. Boulware, II<br><br>Magistrate Judge Carl W. Hoffman |

COMES NOW, Plaintiff KIRBY SPENCER, by and through his undersigned counsel, and files this *Motion for Leave to File an Amended Complaint*.

Dated: February 5th, 2015　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　CRAIG K. PERRY & ASSOCIATES

　　　　　　　　　　　　　　　　　By: /s/ Craig K. Perry, Esq.
　　　　　　　　　　　　　　　　　　　Craig K. Perry, Esq. (Nev. Bar No. 003786)
　　　　　　　　　　　　　　　　　　　8010 W. Sahara Avenue, Suite 260
　　　　　　　　　　　　　　　　　　　Las Vegas, Nevada 89117
　　　　　　　　　　　　　　　　　　　Tel: (702) 228-4777
　　　　　　　　　　　　　　　　　　　Fax: (702) 943-7520 Fax
　　　　　　　　　　　　　　　　　　　info@1stoplawfirm.com
　　　　　　　　　　　　　　　　　　　*Attorney for Plaintiff*

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Kirby Spencer ("Plaintiff") respectfully moves, pursuant to Fed. R. Civ. P. 15, for entry of an Order granting him leave to file an Amended Complaint, attached hereto as Exhibit A. The proposed First Amended Complaint adds class allegations, as Plaintiff seeks to go forward with this matter as a class action in which he represents a putative class of individuals who were sent unauthorized automated "robocalls" by Defendant. In support of this Motion, Plaintiff states as follows:

### BACKGROUND

On October 7, 2014, after receiving numerous unauthorized robocalls from Defendant Kohl's Department Stores, Inc. ("Defendant" or "Kohl's"), Plaintiff initiated this lawsuit under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. The robocalls were all sent from three phone numbers, (414) 257-2399, (262) 704-9780, and (903) 593-8790, all of which are associated with Defendant, a nationwide retailer with customers across the country. Under almost the exact same circumstances as Plaintiff's, countless consumers have complained of receiving unauthorized automated phone calls from Defendant through the above numbers in an attempt to collect on a delinquent account even though they have never contacted Defendant, opened an account with Defendant, or given Defendant permission to place such calls. Below is just a small sample of complaints listed online which show that Defendant's conduct of repeatedly placing unauthorized automated calls to individuals who have no relationship with Defendant is widespread, causes much frustration, and is an ongoing issue:

> "Multiple calls a day, no voicemail left and when I do answer, no one is on the other end. If this is Kohl's, I do not have a Kohl's account whatsoever!" (Dean, 10/6/2014.)

> "I've had several calls from this number. They never leave a message. I have never ever shopped with Kohls, but a lot of other people say this is from Kohls trying to collect debt. I can't imagine why they are calling." (Susan, 6/25/2014.)

> "If it is Kohls [I've] never even been in a Kohls!" (Jcg, 6/4/2014.)

> "I get calls from this number several times a[] day. I understand that it's Kohls but I

don't have an account with them so why are they calling??" (Patricia, 3/17/2014.)

Based on Plaintiff's investigation to date, including information relating to the mass transmission of automated calls from a specific set of phone numbers; the number of informal complaints asserted against Defendant's automated calling operation; the ongoing nature of Defendant's conduct; and Defendant's admission in its recent Motion to Stay Action that, indeed, it had been sending misdirected automated calls to Plaintiff without his consent and that such calls were the result of Defendant's widespread systematic practices (*see* Dkt. 10 at 1-2), Plaintiff would now like to move forward with this case as a class action, on behalf of all individuals who have received similar such unauthorized automated phone calls from Defendant.

## LEGAL STANDARD

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, leave to amend pleadings "shall be freely given when justice so requires." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (amendments to pleadings pursuant to Rule 15 "should be applied with extreme liberality") (internal quotations omitted).  Motions to amend under Rule 15 should be granted unless there is evidence of undue prejudice to the opposing party; undue delay, bad faith, or dilatory motive on the part of the movant; or if the proposed amendment is futile. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003); *Siller v. Aloya*, No. 14-cv-1810-GPC-MDD, 2015 WL 222470, at *2–3 (S.D. Cal. Jan. 14, 2015); *Fradella v. City of Henderson,* 2:09-CV-0680-LRH-PAL, 2011 WL 2183066, at *1 (D. Nev. June 3, 2011).

While the consideration of prejudice is the factor that carries the greatest weight, *see Eminence Capital,* 316 F.3d at 1052, the party opposing amendment "bears the burden of showing prejudice." *DCD Programs,* 833 F.2d at 187.  "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *See Eminence Capital,* 316 F.3d at 1052 (emphasis in original).  In this case, none of the aforementioned factors are present at all, much less sufficiently to overcome the presumption that this amendment should be freely granted,

particularly at this very early stage of the litigation.

ARGUMENT

The proposed Amended Complaint adds allegations relating to the maintenance of this case as a class action and clarifies Plaintiff's theory of the case, but does not otherwise materially alter the underlying claims from the original Complaint.  The maintenance of this suit as a class action will not require new substantive "theories" or any additional expert testimony as, for example, Defendant's use of an automatic telephone dialing system to send the phone calls will be established in the same way for Plaintiff individually as it would be for the putative class as a whole.  As a result, the proposed Amended Complaint cannot be said to prejudice Defendant in any way, especially when the addition of class allegations would only require limited additional discovery at a time when the Court only recently set a discovery schedule with a discovery cutoff of July 28, 2015, when the deadline to amend pleadings is April 29, 2015 (Dkt. 19), and when no discovery has even yet been issued. *See Legg v. E-Z Rent A Car, Inc.*, No. 14-cv-1124-WQH-BGS, 2014 WL 4805206 (S.D. Cal. Sept. 26, 2014) (granting motion for leave to amend the complaint to alter class allegations and noting a lack of prejudice to the defendant) (citing *Eminence Capital*, 316 F.3d at 1052).

While amending the Complaint to add class allegations would result in Plaintiff filing a motion for class certification at the appropriate time in this case, Defendant would be no more prejudiced than if this case had been initially filed as a class action.  Likewise, the amendment would not be futile, since Plaintiff is confident in his ability to certify the class and should have the opportunity to satisfy his burden in a formal class certification motion at a later time.  Of course, Defendant remains free to oppose class certification but should do so at the appropriate time in opposition to the motion for class certification. *See U.S. Bank Nat. Ass'n v. Friedrichs*, No. 12-cv-2373-GPC-KSC, 2013 WL 6686327, at *4 (S.D. Cal. Dec. 17, 2013) (granting leave to amend and stating that the court would defer any challenges to the merits of the proposed amended complaint until after leave to amend is granted); *Legg*, 2014 WL 4805206, at *2 (same).  In short, any class-related discovery would be relatively modest, and the addition of class allegations at this stage in the case would not be futile and would

1  not prejudice Defendant any more than if this case was originally filed as a class action.

2        Additionally Plaintiff seeks leave to amend the Complaint in good faith and not for
3  any improper purpose, comporting the factual and legal allegations to the evidence obtained
4  through investigation to date, including Plaintiff's investigation into the telephone numbers
5  from which the telephone calls were sent, and the facts admitted by Defendant in its recent
6  Motion to Stay Action.  In its recent Motion to Stay, which was denied by this Court on
7  January 28, 2015 (Dkt. 18), Defendant stated as follows:

8
9      Kohl's records confirm that in July 2013, the 3075 Number [Plaintiff's cell phone number] was provided to Kohl's by a [sic] one of its customers as the contact number
10 associated with a Kohl's private label credit card account, held by an individual with a name different from Plaintiff's. . . .  In accordance with the terms of the Cardmember Agreement, Kohl's places non-telemarketing, account-related calls to its
11 Kohl's private label credit card customers, including to remind customers when they have an overdue credit card balance.
12                     *      *      *
13     Here, the challenged calls are all the result of this accepted arrangement, except that the calls placed to Plaintiff's number were intended for another person. . . .  Kohl's
14 records reflect that in or about June, 2014, the Kohl's credit card account associated with the 3075 Number became delinquent, and that Kohl's placed calls to the 3075
15 Number to inform its customer of the overdue balance.

16 (Dkt 10 at 1–2.)  Defendant's Motion to Stay both confirms Plaintiff's allegations, as well as
17 supports the informal complaints of other called parties across the nation, in that Defendant
18 has a widespread practice of placing misdirected automated phone calls to individuals that
19 have never had any relationship with Defendant.  Based on Defendant's actual conduct, as
20 well as the nature of Defendant's conduct and its mistaken belief that it is allowed to place
21 automated calls to the cellular telephones of individuals that have never consented to receive
22 such calls, Plaintiff now seeks to amend in good faith to add a prayer for injunctive relief and
23 to represent all individuals who, like him, have received and continue to receive unauthorized
24 automated calls from Defendant.

25       Further, Plaintiff did not unduly delay his instant request for leave to amend, seeking
26 leave to amend just days after entry of the January 29, 2015 discovery Order, which sets a
27 discovery deadline of July 28, 2015 and a deadline to amend pleadings of April 29, 2015.
28

**Pl's Mot. for Leave to File an Amended Complaint**  5       **Case No.** 2:14-CV-01646-RFB-CWH

(Dkt. 19.) Additionally, plaintiff seeks leave to amend prior to the propounding of any discovery in this case and prior to the scheduling of any depositions.

WHEREFORE, Plaintiff Kirby Spencer respectfully requests that this Court enter an Order granting his Motion for Leave and permitting Plaintiff to file his First Amended Class Action Complaint.

Dated: February 5th, 2015                    Respectfully submitted,

CRAIG K. PERRY & ASSOCIATES
By: /s/ Craig K. Perry, Esq
Craig K. Perry, Esq.
Nevada Bar No. 003786
8010 W. Sahara Avenue, Suite 260
Las Vegas, Nevada 89117
Tel: (702) 228-4777
Fax: (702) 943-7520
info@1stoplawfirm.com

Evan M. Meyers (*pro hac vice* pending)
MCGUIRE LAW, P.C.
161 N. Clark Street, 47th Floor
Chicago, IL 60601
Tel: (312) 216-5179
Fax: (312) 275-7895
emeyers@mcgpc.com

*Counsel for Plaintiff Kirby Spencer and the Putative Class*

## CERTIFICATE OF SERVICE

I hereby certify that on February 5th, 2015, I electronically filed the forgoing *Plaintiff's Motion for Leave to File an Amended Complaint and Incorporated Memorandum of Points and Authorities* with the Clerk of the Court using the CM/ECF system.  Notice of this filing is sent to all counsel of record by operation of the Court' electronic filing system. Parties may access this filing through the Court's system.

Lauri Mazzuchetti, Esq.
LMazzuchetti@kelleydrye.com
Michael Innes, Esq.
MInnes@kelleyDrye.com
Kelley DRYE & WARREN LLP
200 Kimball Drive
Parsippany, New Jersey 07054

Todd L. Bice, Esq.
tlb@pisanellibice.com
Jordan T. Smith, Esq.
its@pisanellibice.com
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, NV  89101

Dated:  February 5th, 2015              By: /s/  Elizabeth Carrillo
                                            An Employee of Craig K. Perry & Associates