1  Craig K. Perry
Nevada Bar No. 003786
CRAIG K. PERRY & ASSOCIATES
2  8010 W. Sahara Avenue, Suite 260
Las Vegas, Nevada 89117
3  Tel: (702) 228-4777
Fax: (702) 943-7520
4  cperry@craigperry.com

5

ATTORNEYS FOR PLAINTIFF
6  [Additional counsel appear on signature page]

7

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

8

9  Kirby Spencer,                          Case No. 2:14-CV-01646-RFB-CWH

10                Plaintiff,

11  v.                                      **PLAINTIFF'S MOTION FOR
                                           EXTENSION OF THE
12  Kohl's Department Stores, Inc.,        DISCOVERY DEADLINE AND
                                           INCORPORATED
13                Defendant.               MEMORANDUM OF POINTS
                                           AND AUTHORITIES**
14
                                           Hon. Richard F. Boulware, II
15
                                           Magistrate Judge Carl W. Hoffman
16

17

18          COMES NOW, Plaintiff KIRBY SPENCER, by and through his undersigned

19  counsel, and files before Magistrate Judge Carl W. Hoffman this *Motion for Extension of the*

20  *Discovery Deadline*.

21  Dated: July 2, 2015                     Respectfully submitted,

22                                          KIRBY SPENCER

23                                          By: /s/ Evan M. Meyers

24                                          Evan M. Meyers (*pro hac vice*)
                                           MCGUIRE LAW, P.C.
25                                          55 W. Wacker Dr., 9th Floor
                                           Chicago, IL 60601
26                                          Tel: (312) 893-7002
                                           emeyers@mcgpc.com
27
                                           *Attorney for Plaintiff*
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Kirby Spencer ("Plaintiff"), by and through his undersigned counsel, hereby respectfully moves this Honorable Court for entry of an Order extending the discovery deadline in this case. In support of this Motion, Plaintiff states as follows:

## I.   INTRODUCTION

On October 7, 2014, Plaintiff filed his individual complaint ("Complaint") against Defendant Kohl's Department Stores, Inc. ("Defendant"), alleging violations of 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act. (Dkt. 1.) On January 29, 2015, this Court entered a Scheduling Order requiring the parties to, *inter alia*, amend their pleadings and add parties if at all by April 29, 2015. (Dkt. 19.)

On February 5, 2015, Plaintiff filed his Motion for Leave to File an Amended Complaint ("Motion for Leave"). (Dkt. 20.) The proposed First Amended Class Action Complaint ("Amended Complaint") was attached to the Motion for Leave. (Dkt. 20-1.) Plaintiff sought leave to amend his Complaint to add class allegations in an effort to represent all individuals who, like him, received unauthorized automated calls from Defendant. (Dkt. 20 at 4; Dkt. 20-1 at ¶¶ 18–24, 26–28.) On March 3, 2015, Defendant filed its Opposition to Plaintiff's Motion for Leave. (Dkt. 25.) On March 20, 2015, Plaintiff filed his Reply Memorandum in Further Support of his Motion for Leave. (Dkt. 36.) Plaintiff's Motion for Leave has thus been fully briefed since March 20, 2015, but the Court has not issued any Order with respect to the Motion for Leave.

This Court's January 29, 2015 Scheduling Order also set July 28, 2015 as the deadline for completing fact discovery, and August 27, 2015 as the dispositive motion deadline. (Dkt. 19.) After initially waiting for a ruling on the Motion for Leave, on April 24, 2015, Plaintiff issued his First Set of Interrogatories to Defendant, and on April 27, 2015, Plaintiff issued his First Set of Document Requests to Defendant. On June 10, 2015, after receiving a two-week extension agreed to by Plaintiff's counsel, Defendant produced its responses to Plaintiff's First Set of Interrogatories and First Set of Document Requests. In its

1 response to Plaintiff's First Set of Interrogatories, Defendant identified a third-party vendor,

2 Interactive Intelligence, Inc., that provided the equipment and/or services used to place the

3 automated phone calls that are at issue in this case.

4 On June 19, 2015, Defendant issued its First Set of Interrogatories and First Set of

5 Document Requests to Plaintiff.  On June 25, 2015, Plaintiff issued a documents-only

6 Subpoena to third-party Interactive Intelligence, Inc.  As of the date of this filing, Plaintiff

7 has not yet received a response.  On June 24, 2015, Plaintiff issued his Second Set of

8 Interrogatories to Defendant.

9 **II.     LEGAL STANDARD**

10 District courts have broad discretion to manage discovery and to control the course of

11 litigation under Rule 16.  *Woodard v. City of Menlo Park*, No. 09-cv-3331, 2012 WL

12 2119278, at *1 (N.D. Cal. June 11, 2012) (citing *Hunt v. County of Orange*, 672 F.3d 606,

13 616 (9th Cir. 2012)).  In assessing whether there is good cause for amending a pretrial

14 scheduling order the Court "primarily considers the diligence of the party seeking the

15 amendment" and "the moving party's reasons for seeking modification."  *Johnson v.*

16 *Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

17 **III.    ARGUMENT**

18 **A.     The Discovery And Dispositive Motion Deadlines Should Be Extended**
**Until After The Court Rules On Plaintiff's Outstanding Motion For**
19 **Leave, Which Was Filed In February 2015.**

20 In an effort to be diligent in seeking amendment of this Court's January 29, 2015

21 Scheduling Order, in compliance with the Scheduling Order's requirement that any extension

22 be sought at least 21 days before the discovery closure date, and in an effort to promote

23 judicial efficiency and minimize waste of the Parties' resources, Plaintiff seeks an extension

24 of the discovery and dispositive motion deadlines until after the Court rules on Plaintiff's

25 outstanding Motion for Leave.

26 As discussed above, on February 15, 2015, Plaintiff filed his Motion for Leave

27 seeking to proceed on behalf of a putative class. (Dkt. 20.)  Plaintiff's Motion for Leave has

28 been fully briefed since March 20, 2015.  (Dkt. 36.)  As of the date of this filing, there has

1  been no ruling on Plaintiff's Motion for Leave.

2      Because Plaintiff is seeking to proceed on behalf of a putative class, from the

3  standpoint of judicial efficiency, and to avoid duplicative discovery and motion practice by

4  the Parties, it would be in the best interest of this litigation if both the discovery deadline and

5  dispositive motion deadline were extended until after the Court has ruled on Plaintiff's

6  Motion for Leave.

7      By extending or staying the discovery and dispositive motion deadlines until after the

8  Court rules on Plaintiff's Motion for Leave, the Parties will have the opportunity to obtain

9  discovery relating to both individual and class claims while minimizing or eliminating

10  duplicative depositions of the same witnesses related solely to the class action allegations

11  once the Motion for Leave is granted.  In addition, extending the dispositive motion deadline

12  would save the Parties significant time and effort by avoiding duplicative motion practice

13  and ensuring that any dispositive motion ruling applies to the amended class action complaint

14  rather than the original complaint, which asserted individual claims only.

15      Accordingly, Plaintiff respectfully requests that this Court extend or stay the

16  discovery and dispositive motion deadlines until after Plaintiff's Motion for Leave is ruled

17  upon, at which time the Parties can submit a proposed case management schedule, or the

18  Court can set the matter for status.

19  **B.    Even If This Court Declines To Extend The Discovery And Dispositive
20        Motion Deadlines Until After Ruling On The Motion For Leave, An
        Extension Of The Discovery Deadline Is Necessary For The Parties To
21        Appropriately Complete Fact Discovery.**

    If this Court declines to extend the discovery and dispositive motion deadlines until
22
    after a ruling on Plaintiff's Motion for Leave, Plaintiff still seeks a short two-month
23
    extension of the fact discovery deadline so that he may be able to properly complete fact
24
    discovery and depose all of the necessary witnesses needed to respond to any forthcoming
25
    dispositive motion filed by Defendant.
26
        Plaintiff seeks this extension in good faith and not for any improper purpose.  Upon
27
    only recently discovering the involvement of third-party Interactive Intelligence, Inc.,
28

1   Plaintiff issued a Subpoena to Interactive Intelligence, Inc. and is currently awaiting a

2   response. Based on the documents produced in response to the Subpoena, Plaintiff would

3   likely depose one or more individuals from this third-party vendor and potentially at least one

4   of Defendant's employees regarding Defendant's interactions with the company. The

5   depositions of Defendant's employees would ideally be taken after Interactive Intelligence,

6   Inc. produces documents in response to the Subpoena and after Defendant responds to

7   Plaintiff's Second Set of Interrogatories. This discovery would be directly relevant to critical

8   issues in this case – including whether Defendant utilized an automatic telephone dialing

9   system to place the calls at issue in violation of the TCPA – and would be necessary in order

10  to respond to any future dispositive motion filed by Defendant.

11          Furthermore, Plaintiff has refused to produce any documents thus far. Defendant

12  objected – with a nearly identical form objection – to all but two out of Plaintiff's 37

13  Document Requests included in Plaintiff's First Set of Document Requests and has not

14  produced any documents to Plaintiff. In an effort to obtain the necessary discovery while

15  avoiding the involvement of the Court in any discovery disputes, Plaintiff intends to issue a

16  deficiency letter to Defendant. Plaintiff would need to receive and review the documents

17  ultimately produced by Defendant, as well as any documents produced by Interactive

18  Intelligence, Inc., prior to scheduling any depositions. Given that no documents have yet

19  been produced, an extension of the discovery deadline is warranted. And to the extent that

20  the Parties are unable to come to an amicable resolution with respect to the Document

21  Requests and any other discovery matters, then a motion to compel may be required, which

22  would not likely be resolved prior to the current discovery deadline.

23          In addition, just recently on June 30, 2015, Defendant issued a Notice of Deposition

24  of Plaintiff Kirby Spencer, which Defendant noticed up for July 23, 2015—just five days

25  before the fact discovery closure date. Plaintiff is unavailable on that date and throughout the

26  month of July. Consequently, although the Parties will hopefully be able to meet and confer

27  to reschedule the deposition on a mutually agreeable date, the scheduling of Plaintiff's

28  deposition is yet another reason why an extension of the discovery deadline is warranted.

1    Because the fact discovery deadline is currently set for July 28, 2015, and because

2    Plaintiff has not yet received the written discovery responses and documents necessary to go

3    forward with scheduling depositions, Plaintiff respectfully requests that, if this Court declines

4    to extend the discovery and dispositive motion deadlines until after a ruling on Plaintiff's

5    Motion for Leave, the Court extend the discovery deadline by at least two months, to at least

6    September 28, 2015.  Because this Court has not set a trial date, the only deadline that would

7    be impacted by this extension is the dispositive motion deadline that is currently set for

8    August 27, 2015.  Plaintiff requests that the dispositive motion deadline be reset to October

9    28, 2015, or thirty (30) days after the fact discovery deadline.

10    WHEREFORE, Plaintiff Kirby Spencer respectfully requests that this Court enter an

11    Order extending the discovery and dispositive motion deadlines until after the Court rules on

12    Plaintiff's outstanding Motion for Leave or, alternatively, extending the discovery deadline

13    by at least two months, until at least September 28, 2015, and similarly rescheduling the

14    dispositive motion deadline for thirty (30) days thereafter.

15    Dated: July 2, 2015                              Respectfully submitted,

16                                                              KIRBY SPENCER

17                                                              By: /s/ Evan M. Meyers

18                                                              Craig K. Perry, Esq.
                                                                  Nevada Bar No. 003786
19                                                              8010 W. Sahara Avenue, Suite 260
                                                                  Las Vegas, Nevada 89117
20                                                              Tel: (702) 228-4777
                                                                  Fax: (702) 943-7520
21                                                              cperry@craigperry.com

22                                                              Evan M. Meyers (*pro hac vice*)
                                                                  MCGUIRE LAW, P.C.
23                                                              55 W. Wacker Dr., 9th Floor
                                                                  Chicago, IL 60601
24                                                              Tel: (312) 893-7002
25                                                              emeyers@mcgpc.com

26                                                              *Counsel for Plaintiff Kirby Spencer*

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2015, I electronically filed the forgoing *Plaintiff's Motion for Extension of the Discovery Deadline and Incorporated Memorandum of Points and Authorities* with the Clerk of the Court using the CM/ECF system.  Notice of this filing is sent to all counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


Dated:  July 2, 2015                                        /s/ Evan M. Meyers
                                                                        Evan M. Meyers