1
2
3
4
5                        UNITED STATES DISTRICT COURT
6                              DISTRICT OF NEVADA
7                                    * * *
8    KIRBY SPENCER,                          Case No. 2:14-cv-01646-RFB-CWH
9                        Plaintiff,                      **ORDER**
10              v.                          Motion for Leave to File Amended Complaint
                                                         (ECF No. 20)
11   KOHL'S DEPARTMENT STORES, INC.,
12                       Defendant.
13

14      **I.    INTRODUCTION**

15           This matter is before the Court on Plaintiff Kirby Spencer's Motion for Leave to File an

16   Amended Complaint. ECF No. 20. In his motion, Spencer seeks to amend his Complaint to add

17   class action allegations on behalf of a putative class of individuals to whom Defendant Kohl's

18   Department Stores, Inc. ("Kohl's") allegedly sent unauthorized automated calls. For the reasons

19   discussed below, Spencer's motion is granted.

20

21      **II.   BACKGROUND**

22           Spencer filed a Complaint against Kohl's on October 7, 2014, alleging it had violated the

23   Telephone Consumer Protection Act (TCPA) by repeatedly sending "robocalls" to Spencer's cell

24   phone on at least 113 occasions beginning on June 18, 2014. ECF No. 1. The Court entered a

25   Scheduling Order on January 29, 2015, in which it set a deadline of April 29, 2015 to file motions

26   to amend pleadings and add parties. ECF No. 19. Spencer filed this Motion for Leave to File an

27   Amended Complaint on February 5, 2015, one week after the issuance of the Scheduling Order.

28   ECF No. 20.

1    Spencer's proposed Amended Complaint asserts class action allegations against Kohl's,

2    but does not contain any new or different causes of action. Spencer seeks to represent a national

3    class consisting of "[a]ll persons in the United States and its territories who received one or more

4    unauthorized telephone calls on their cellular telephone from Defendant through an automated

5    telephone dialing system where the called party was not the same individual who, according to

6    Defendant's records, provided the phone number." Proposed Am. Compl. ¶ 18, Mot. for Leave to

7    File Am. Compl. Ex. A, ECF No. 20. In opposing Spencer's motion, Kohl's argues that Spencer's

8    proposed amendments are futile because his proposed class is not readily ascertainable and because

9    questions common to all class members do not predominate over those affecting individual

10   members. In the alternative, Kohl's requests that this action be stayed pending a decision by the

11   Federal Communications Commission (FCC) on whether liability should attach to calls to recycled

12   telephone numbers.

13

14   **III.    LEGAL STANDARD**

15   Amendment of pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure,

16   provided that leave to amend is requested prior to the expiration of the deadline for amending

17   pleadings as set forth in the scheduling order, if one has been entered. AmerisourceBergen Corp.

18   v. Dialysist West, Inc., 465 F.3d 946, 952 (9th Cir. 2006); Coleman v. Quaker Oats Co., 232 F.3d

19   1271, 1294 (9th Cir. 2000) (stating that Rule 16 applies where a court has "filed a pretrial

20   scheduling order that established a timetable for amending the pleadings, and the deadline [has]

21   expired" before the filing of the motion to amend).

22   According to Rule 15, courts should freely grant a party leave to amend "when justice so

23   requires." Fed. R. Civ. P. 15(a)(2). Courts are to apply this policy with "extreme liberality." Owens

24   v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (internal quotation marks

25   omitted). In general, leave to amend under Rule 15 should be denied only where there is a

26   "showing of bad faith, undue delay, futility, or undue prejudice to the opposing party"—

27   considerations commonly referred to as the Foman factors. Chudacoff v. Univ. Med. Ctr. of S.

28   Nevada, 649 F.3d 1143, 1152 (9th Cir. 2011); Foman v. Davis, 371 U.S. 178, 182 (1962). Prejudice

is the "touchstone" of the Rule 15(a) analysis and therefore receives the greatest weight. <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining <u>Foman</u> factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." Id. (emphasis in original).

## IV.    DISCUSSION

The Court has considered the parties' submissions and concludes that leave to amend should be granted. Kohl's has not actually argued that it will be prejudiced by the amendment, nor has it shown that amendment would be futile or that any of the remaining <u>Foman</u> factors strongly favor denial of leave to amend. Therefore, the Court grants Spencer's motion.

Kohl's arguments in opposition to amendment all focus on the argument that Spencer's proposed class allegations are futile. In arguing futility, Kohl's does not contend that Spencer's proposed amended pleading fails to state a claim, but rather that Spencer will not be able to certify a class. Kohl's contends that Spencer's proposed class is not ascertainable through objective and reliable methods and, because it includes an element of consent in its definition, would require "mini-trials" to delineate. Kohl's also maintains that Spencer has not established that common questions predominate over individual ones.

Kohl's' arguments are premature and are better suited for an opposition to class certification. <u>See</u> <u>Vinole v. Countrywide Home Loans, Inc.</u>, 571 F.3d 935, 942 (9th Cir. 2009) ("Although a party seeking class certification is not always entitled to discovery on the class certification issue, we have stated that . . . 'the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable.'") (quoting <u>Doninger v. Pac. Nw. Bell, Inc.</u>, 564 F.2d 1304, 1313 (9th Cir. 1977)). The Court must determine whether to grant class certification "[a]t an early practicable time after a person sues or is sued as a class representative . . . ." Fed. R. Civ. P. 23(c)(A). However, the Court declines to do so when deciding a motion to amend the complaint, and therefore will not convert Spencer's motion to amend the Complaint into a motion to certify the class. Because Kohl's makes no other arguments regarding the futility of the proposed amended

1    pleading, it has not shown at this stage that the proposed Amended Complaint is futile.

2         The remaining <u>Foman</u> factors—prejudice, undue delay and bad faith—also favor Spencer.

3    Kohl's does not attempt to argue otherwise. It is uncontested that Spencer timely sought leave to

4    amend well within the deadline established by the Court and before any discovery had been issued

5    by either party. Moreover, Spencer states that he seeks to amend the Complaint based on a recent

6    statement by Kohl's in its Motion to Stay, in which Kohl's stated that it has a practice of calling

7    its credit card customers to remind them of overdue balances. Kohl's has not shown that Spencer

8    knew or should have known of this practice at the time he filed his original Complaint. Therefore,

9    there is no evidence that Spencer unduly delayed or sought leave to amend in bad faith. Finally,

10   and most crucially, Kohl's does not argue that it would be prejudiced by amendment.[1]

11        Considering the <u>Foman</u> factors in totality, Spencer establishes that leave to amend should

12   be granted, particularly in light of the Federal Rules' liberal policy favoring amendment.

13        In the alternative, Kohl's requests that this action be stayed pending an FCC decision on

14   two petitions that Kohl's states may offer guidance on the issue of liability for calls to recycled

15   telephone numbers. However, it appears that these petitions were denied while this motion was

16   pending before the Court. Notice of Suppl. Auth. Ex. A ¶¶ 184, 187, Aug. 12, 2015, ECF No. 43.

17   . . .

18   . . .

19   . . .

20   . . .

21   . . .

22   . . .

23   . . .

24   . . .

25   . . .

26   . . .

27

28

---

[1] See <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183, 187 (9th Cir. 1987) ("The party opposing amendment bears the burden of showing prejudice.").

1   Therefore, this request is denied as moot.

2

3        **V.      CONCLUSION**

4           For the reasons stated above,

5        **IT IS ORDERED** that Plaintiff Kirby Spencer's Motion for Leave to File an Amended

6   Complaint (ECF No. 20) is GRANTED. Plaintiff shall have **14 days** from the date of entry of this

7   Order to file the Amended Complaint.

8

9           DATED: September 29, 2015.

10

11                                                      _____

12                                                      **RICHARD F. BOULWARE, II**
                                                        **United States District Judge**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28