Lauri A. Mazzuchetti (*pro hac vice*)
lmazzuchetti@kelleydrye.com
Michael A. Innes (*pro hac vice*)
minnes@kelleydrye.com
KELLEY DRYE & WARREN LLP
One Jefferson Road, 2nd Floor
Parsippany, New Jersey 07054
Telephone:  973.503.5924
Facsimile:  973.503.5950

Todd L. Bice, Esq., Bar No. 4534
tlb@pisanellibice.com
Jordan T. Smith, Esq., Bar No. 12097
jts@pisanellibice.com
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, NV  89101
Telephone:   702.214.2100
Facsimile:    702.214.2101

*Attorneys for Defendant*
*Kohl's Department Stores, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| KIRBY SPENCER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KOHL'S DEPARTMENT STORES, INC.,<br><br>Defendant. | **Case No. 2:14-cv-01646-RFB-CWH**<br><br>**DEFENDANT KOHL'S DEPARTMENT STORES, INC.'S ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant Kohl's Department Stores, Inc. ("Defendant"), hereby answers the first amended Complaint ("FAC") of plaintiff Kirby Spencer ("Plaintiff"), filed in the United States District Court for the District of Nevada, as follows:

**INTRODUCTION**

To the extent that the introductory Paragraph of the FAC states that Plaintiff bases the FAC on the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq.* and that he purports to bring the FAC on behalf of himself and a class, and claims to seek "redress for all persons injured," no response is required.  Defendant denies that it violated the TCPA, denies that

Plaintiff is entitled to any relief under the TCPA, and denies that this action is appropriate to proceed as a class. The remaining allegations of the FAC state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the remaining allegations in the introductory Paragraph of the FAC.

## NATURE OF THE ACTION

1. Defendant denies the allegations set forth in Paragraph 1 of the FAC.

2. Defendant denies the allegations set forth in Paragraph 2 of the FAC.

3. Defendant admits that Plaintiff purports to bring this suit under the TCPA on behalf of himself and a class, and seeks to "redress these injuries." Defendant denies that it violated the TCPA, denies that Plaintiff is entitled to any relief under the TCPA, and denies that this action is appropriate to proceed as a class. Paragraph 3 of the FAC also purports to summarize the TCPA, and therefore states a legal conclusion to which no response is required. Defendant respectfully refers the Court to the text of the TCPA, which speaks for itself. To the extent that Plaintiff mischaracterizes the TCPA, Defendant denies the allegations set forth in Paragraph 3 of the FAC.

4. Defendant admits that Plaintiff claims to seek "an injunction requiring Defendant to cease all unauthorized automated telephone calls and an award of statutory damages to the members of the class, together with costs and attorneys' fees." Defendant denies that it violated the TCPA, denies that Plaintiff is entitled to any relief under the TCPA, and denies that this action is appropriate to proceed as a class. Defendant also denies that Plaintiff may be awarded any costs or attorneys' fees.

## JURISDICTION AND VENUE

5. Paragraph 5 of the FAC asserts legal conclusions to which no responses are required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 5 of the FAC.

6. Paragraph 6 of the FAC asserts legal conclusions to which no responses are required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 6 of the FAC.

7. Paragraph 7 of the FAC asserts legal conclusions to which no responses are required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 7 of the FAC.

**PARTIES**

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the FAC and, therefore, denies those allegations.

9. Defendant admits the allegations set forth in Paragraph 9 of the FAC.

**COMMON ALLEGATIONS OF FACT**

10. Defendant admits the allegations set forth in Paragraph 10 of the FAC.

11. Paragraph 11 of the FAC asserts legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 11 of the FAC.

12. Defendant denies the allegations set forth in Paragraph 12 of the FAC.

13. Defendant denies the allegations set forth in Paragraph 13 of the FAC.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the FAC and, therefore, denies those allegations.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the FAC, and therefore, denies these allegations.

16. Defendant denies the allegations set forth in Paragraph 16 of the FAC.

17. Paragraph 17 of the FAC asserts legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 17 of the FAC.

**CLASS ACTION ALLEGATIONS**

18. The allegations set forth in Paragraph 18 merely propose to define the class that Plaintiff seeks to represent, and therefore no response is required. To the extent a response is deemed necessary, Defendant denies that any such class exists, denies that Plaintiff is entitled to

1  bring this action on behalf of a class, and denies that Plaintiff meets any of the requirements of
2  Federal Rule of Civil Procedure 23.

3      19.    The allegations set forth in Paragraph 19 of the FAC assert legal conclusions to
4  which no responsive pleading is required.  To the extent an answer is deemed necessary,
5  Defendant denies the allegations set forth in Paragraph 62 of the FAC, denies that Plaintiff is
6  entitled to bring this action on behalf of a class, and denies that Plaintiff meets any of the
7  requirements of Federal Rule of Civil Procedure 23.

8      20.    The allegations set forth in Paragraph 20 of the FAC assert legal conclusions to
9  which no responsive pleading is required.  To the extent an answer is deemed necessary,
10  Defendant denies the allegations set forth in Paragraph 20 of the FAC, denies that Plaintiff is
11  entitled to bring this action on behalf of a class, and denies that Plaintiff meets any of the
12  requirements of Federal Rule of Civil Procedure 23.

13      21.    The allegations set forth in Paragraph 21 of the FAC assert legal conclusions to
14  which no responsive pleading is required.  To the extent an answer is deemed necessary,
15  Defendant denies the allegations set forth in Paragraph 21 of the FAC, denies that Plaintiff is
16  entitled to bring this action on behalf of a class, and denies that Plaintiff meets any of the
17  requirements of Federal Rule of Civil Procedure 23.

18      22.    The allegations set forth in Paragraph 22 of the FAC assert legal conclusions to
19  which no responsive pleading is required.  To the extent an answer is deemed necessary,
20  Defendant denies the allegations set forth in Paragraph 22 of the FAC, denies that Plaintiff is
21  entitled to bring this action on behalf of a class, and denies that Plaintiff meets any of the
22  requirements of Federal Rule of Civil Procedure 23.

23      23.    The allegations set forth in Paragraph 23 of the FAC assert legal conclusions to
24  which no responsive pleading is required.  To the extent an answer is deemed necessary,
25  Defendant denies the allegations set forth in Paragraph 23 of the FAC, denies that Plaintiff is
26  entitled to bring this action on behalf of a class, and denies that Plaintiff meets any of the
27  requirements of Federal Rule of Civil Procedure 23.

28

24. The allegations set forth in Paragraph 24 of the FAC, including subparts, assert legal conclusions to which no responsive pleading is required. To the extent an answer is deemed necessary, Defendant denies the allegations set forth in Paragraph 24 of the FAC, denies that Plaintiff is entitled to bring this action on behalf of a class, and denies that Plaintiff meets any of the requirements of Federal Rule of Civil Procedure 23.

## COUNT I

25. Defendant incorporates its responses to the allegations asserted in all previous paragraphs fully set forth herein, and denies the allegations set forth in Paragraph 25 of the FAC.

26. Defendant denies the allegations set forth in Paragraph 26 of the FAC.

27. Defendant denies the allegations set forth in Paragraph 27 of the FAC.

28. Defendant denies the allegations set forth in Paragraph 28 of the FAC.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief that he seeks in the "WHEREFORE" paragraph of the FAC. Defendant denies that Plaintiff is entitled to a jury trial. To the extent not otherwise addressed by this Answer, Defendant denies the allegations in the FAC, including those set forth in the headings and subheadings.

## AFFIRMATIVE DEFENSES

By way of further response, Defendant alleges the affirmative defenses and claims to the FAC.

### First Affirmative Defense

The FAC fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff has failed to join necessary and indispensable parties in this action.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, unclean hands, and waiver.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the applicable statute of limitations.

**Fifth Affirmative Defense**

Plaintiff's claims under the TCPA are unconstitutional.

**Sixth Affirmative Defense**

Plaintiff's claims against Defendant are barred, in whole or in part, by the TCPA's "Safe Harbor" provision or other "Safe Harbor" defenses.

**Seventh Affirmative Defense**

Defendant alleges that Plaintiff has expressly or impliedly consented to and approved all of the acts and omissions about which Plaintiff now complains. Accordingly, Plaintiff is barred from pursuing claims alleged in the FAC.

**Eighth Affirmative Defense**

Defendant had consent to make any calls that it placed.

**Ninth Affirmative Defense**

Plaintiff's claims are barred by the doctrine of good-faith.

**Tenth Affirmative Defense**

Plaintiff lacks standing to assert the claims alleged in the FAC.

**Eleventh Affirmative Defense**

Defendant alleges that by Plaintiff's conduct, representations, and omissions, upon which Defendant detrimentally relied, Plaintiff is equitably estopped from asserting any claim for relief against Defendant.

**Twelfth Affirmative Defense**

Defendant alleges that Plaintiff is not entitled to any relief because Defendant's conduct did not proximately cause any damages, injury or loss to Plaintiff.

**Thirteenth Affirmative Defense**

Defendant is informed and believes, and on that basis alleges, that granting Plaintiff's demand would result in unjust enrichment, as Plaintiff would receive more money than Plaintiff is entitled to receive.

**Fourteenth Affirmative Defense**

Defendant alleges that by conduct, representations, and omissions, Plaintiff has waived,

6

relinquished, and/or abandoned any claim for relief against Defendant respecting the matters that are the subject of the FAC.

### Fifteenth Affirmative Defense

The damages Plaintiff seeks against Defendant violate the Due Process Clause of the United States Constitution, and constitute excessive fines in violation of the Eighth Amendment of the United States Constitution.

### Sixteenth Affirmative Defense

Plaintiff's claims against Defendant are barred because the calls about which it complains constitute commercial speech protected by the First Amendment to the United States Constitution and the imposition of liability on Defendant for such calls would violate its First Amendment rights.

### Seventeenth Affirmative Defense

Plaintiff's claims are barred because Defendant did not engage in willful and/or knowing misconduct.

### Eighteenth Affirmative Defense

Defendant did not place the alleged telephone calls to Plaintiff.

### Nineteenth Affirmative Defense

Defendant states that it currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event that discovery indicates it would be appropriate.

. . .

. . .

. . .

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by reason of his FAC;

2. That judgment be entered against Plaintiff and in favor of Defendant;

3. That Defendant recover all expenses, costs, and attorneys' fees in connection with this lawsuit; and

4. That the Court grant Defendant such other and further relief as it deems just and proper.

DATED: November 13, 2015         PISANELLI BICE PLLC


By     /s/ Jordan T. Smith
     Todd L. Bice, Esq., Bar No. 4534
     Jordan T. Smith, Esq., Bar No. 12097
     PISANELLI BICE PLLC
     400 South 7th Street, Suite 300
     Las Vegas, NV  89101

     Lauri A. Mazzuchetti (*pro hace vice*)
     Michael A. Innes (*pro hace vice*)
     KELLEY DRYE & WARREN LLP
     One Jefferson Road, 2nd Floor
     Parsippany, New Jersey 07054

     *Attorneys for Defendant*
     *Kohl's Department Stores, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of Pisanelli Bice, PLLC, and that on this 13th day of November, 2015, I caused to be served the foregoing **DEFENDANT KOHL'S DEPARTMENT STORES, INC.'S ANSWER TO FIRST AMENDED COMPLAINT** via electronic mail through the United States District Court's CM/ECF system.

    /s/ Shannon Thomas
An employee of Pisanelli Bice, PLLC