Craig K. Perry (NV Bar No. 03786)
CRAIG K. PERRY & ASSOCIATES
8010 W. Sahara Avenue, Suite 260
Las Vegas, Nevada 89117
Tel: (702) 228-4777
cperry@craigperry.com

*Attorneys for Plaintiff*

Craig R. Anderson, Esq. (NV Bar No. 6882)
canderson@maclaw.com
Brianna Smith, Esq. (NV Bar No. 11795)
bsmith@maclaw.com
MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
Tel: (702) 382-0711

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| KIRBY SPENCER, individually and on behalf of a class of similarly situated individuals,<br><br>      *Plaintiff*,<br><br>      v.<br><br>KOHL'S DEPARTMENT STORES, INC.,<br><br>      *Defendant*. | **Case No. 2:14-cv-01646-RFB-CWH**<br><br>**STIPULATED PROTECTIVE ORDER REGARDING PRODUCTION OF CONFIDENTIAL INFORMATION**<br><br>Hon. Richard F. Boulware, II<br><br>Magistrate Judge Carl W. Hoffman |

## 1. __PURPOSES AND LIMITATIONS__

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 7.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal without court approval; Civil Local Rule 10-5(b) sets forth the procedures that must be followed when a party seeks permission from the court to file material under seal.

## 2. __DEFINITIONS__

**2.1** __Challenging Party__: a Party or Non-Party that challenges the designation of information or items under this Order.

**2.2** __"CONFIDENTIAL" Information or Items__: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

**2.3** __Counsel (without qualifier)__: Outside Counsel of Record and House Counsel (as well as their support staff).

**2.4** __Designating Party__: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

**2.5** __Disclosure or Discovery Material__: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**2.6** __Expert__: a person with specialized knowledge or experience in a matter pertinent to the litigation and retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     **House Counsel**: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     **Non-Party**: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     **Outside Counsel of Record**: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    **Party**: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    **Producing Party**: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    **Professional Vendors**: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    **Protected Material**: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14    **Receiving Party**: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.      **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

4.      **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in

writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.** **DESIGNATING PROTECTED MATERIAL**

    **5.1** **Exercise of Restraint and Care in Designating Material for Protection**.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

    **5.2** **Manner and Timing of Designations**. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

**(a)** for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material, except that in the case of multi-page documents bound together by staple or other permanent binding, the word(s) "Confidential" need only be stamped on the first page of the document for the entire document to be treated as Confidential.

**(b)** for depositions, including exhibits thereto, or other pretrial testimony: (i) a statement on the record by any counsel or the deponent, at the time of such disclosure; or (ii) written notice from any Party or Non-Party's counsel or the deponent or his/her

counsel, sent within fourteen business days after receiving a copy of the deposition transcript, designating all or some of the transcript and/or documents referred to therein as Confidential. Such written notice designating deposition testimony as "Confidential" must be sent to counsel for all Parties, the deponent, and counsel for the deponent. Only those portions of the transcripts so designated as "Confidential" may be treated as Confidential. Unless a "Confidential" designation is made prior to the expiration of the initial 14-day period after the deposition, or it is affirmatively represented that no "Confidential" designations will be forthcoming at the expiration of this 14-day period, the entire deposition testimony shall be considered "Confidential" until the expiration of this initial 14-day period. The Parties may modify this procedure for any particular deposition or pretrial testimony by a writing signed by counsel for all Parties and by the deponent or counsel for the deponent, without further order from the Court.

(c)       for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**5.3**      **Inadvertent Failures to Designate**. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.**      **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**6.1**      **Timing of Challenges**. Any Party may challenge a designation of confidentiality at any time. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2**      **Meet and Confer**. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin

the process by notifying counsel for the Designating Party in writing. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring within 10 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

**6.3** **Judicial Intervention**. If the Parties cannot resolve a challenge by negotiation, and the Court has not provided for a different procedure to handle such disputes, then the Challenging Party may make an application for a ruling from the Court on the continued application of the "Confidential" designation of such information or document. The burden is on the party asserting confidentiality to establish the information is entitled to protection.

**7.** **ACCESS TO AND USE OF PROTECTED MATERIAL**

**7.1** **Basic Principles**. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2** **Disclosure of "CONFIDENTIAL" Information or Items**.

Confidential Information shall not be used or disclosed by the Parties, Counsel for the parties, or any other persons identified in this section for any purpose whatsoever other than in this litigation, including any appeal thereof. Unless otherwise ordered by the court

or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     Counsel of record for the Parties, their employees, their staff, and their support personnel (including any outside vendor for simple reproduction, computer scanning, or photocopying);

(b)     The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     The Court, its personnel, and the jury;

(e)     Court reporters and videographers present at any hearing, deposition or trial;

(f)     Professional jury or trial consultants, mock jurors, and Professional Vendors or other consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     Actual or potential witnesses in connection with any deposition, hearing or trial. However, the witness shall not be entitled to retain possession of any such Confidential Information following the completion of his deposition and shall return any such Confidential Information to counsel who disclosed it to him during the course of his deposition;

(h)     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(i)     Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

**7.3     Filing Protected Material**. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 10-5(b)

and any other rules or orders by the court governing the filing of confidential documents. If a Party's request to file Protected Material under seal is denied by the court, then the Party may file the information in the public record.

**7.4** **Use in Court**. In the event that any Confidential Information is used in any Court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use unless the Court orders otherwise.

**8.** **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

**(a)** promptly notify in writing the Designating Party (by email if possible). Such notification shall include a copy of the subpoena or court order;

**(b)** promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

**(c)** cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

**(a)**      The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.

**(b)**      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

**(1)**      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

**(2)**      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

**(3)**      make the information requested available for inspection by the Non-Party.

**(c)**      If the Non-Party fails to object or seek a protective order from this court within 10 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the

Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

The inadvertent production or disclosure of privileged or otherwise protected information, documents, or other materials shall not constitute a waiver of any applicable privilege or protections, including, for example, the attorney-client privilege, the work product protection, or any other privilege or protection provided under the law. Upon receiving written notice from the Producing Party that privileged information or work product material has been inadvertently produced, all such information and copies thereof shall be returned to the Producing Party within two business days of receipt of such notice. Any analysis, memoranda or notes which were internally generated by the Receiving Party based upon such information shall be destroyed. Upon receiving written notice from the Producing Party that Confidential Information has not been appropriately so designated, all such information shall be immediately re-designated and treated appropriately. The Party receiving such material re-designated as Confidential shall make a reasonable, good faith effort to ensure that any analysis, memoranda, or notes which were internally generated based upon such information shall immediately be treated in conformance with any such re-designation.

12.     **MISCELLANEOUS**

12.1     **Right to Further Relief**. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2     **Right to Assert Other Objections**. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

**12.3** **Remedies and Continuing Jurisdiction**. In the event of a breach or threatened breach of any provision of this Order, the non-breaching Party shall be entitled to seek immediate injunctive relief from the Court, without the necessity of showing any irreparable injury or special damages. Such remedy shall not be deemed to be the exclusive remedy for the breach of this Order, but shall be in addition to all other remedies available to the non-breaching Party, whether at law or equity, or pursuant to any applicable provisions of the Federal Rules of Civil Procedure, including the power to hold parties or other violators of this Order in contempt or such other sanctions as may be available to the Court. This Court shall retain jurisdiction of all matters pertaining to this Order, and the Parties agree to submit to the jurisdiction of this Court for matters relating to the enforcement of this Order.

**12.4** **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no Party or Non-Party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

**13.** **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. However, each Receiving Party shall not be required to locate, isolate, and return e-mails (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reports. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and

trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

Dated: March 3, 2016                                    Dated: March 3, 2016

/s/ Michael A. Innes                                    /s/ Evan M. Meyers

Craig R. Anderson, Esq. (NV Bar No. 6882)              Craig K. Perry (NV Bar No. 03786)
canderson@maclaw.com                                   CRAIG K. PERRY & ASSOCIATES
Brianna Smith, Esq. (NV Bar No. 11795)                 8010 West Sahara Ave., Suite 260
bsmith@maclaw.com                                      Las Vegas, NV 89117
MARQUIS AURBACH COFFING                                Tel: (702) 228-4777
10001 Park Run Drive                                   Fax: (702) 943-7520
Las Vegas, Nevada 89145                                craig@craigperry.com
Tel: (702) 382-0711

Lauri A. Mazzuchetti (*pro hac vice*)                  Evan M. Meyers (*pro hac vice*)
Michael A. Innes (*pro hac vice*)                      MCGUIRE LAW, P.C.
KELLEY DRYE & WARREN LLP                               55 W. Wacker Drive, 9th Floor
One Jefferson Road, 2nd Floor                          Chicago, Illinois 60601
Parsippany, New Jersey 07054                           Tel: (312) 893-7002
Tel: (973) 503-5924                                    Fax: (312) 275-7895
Fax: (973) 503-5950                                    emeyers@mcgpc.com
lmazzuchetti@kelleydrye.com
minnes@kelleydrye.com
                                                       *Attorneys for Plaintiff and the*
*Attorneys for Defendant*                              *putative class*


PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____March 4, 2016_____      _____
                                       Carl W. Hoffman
                                       United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court, District of Nevada in the case of *Spencer v. Kohl's Department Stores, Inc.*, Case No. 2:14-cv-01646-RFB-CWH, dated _____. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court, District of Nevada for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____