**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KIRBY SPENCER, | Case No. 2:14-cv-01646-RFB-CWH |
| Plaintiff, | |
| v. | |
| KOHL'S DEPARTMENT STORES, INC., | **ORDER** |
| Defendant. | |

Presently before the Court is Defendant's motion to stay (ECF No. 71), filed on November 14, 2017.  Plaintiff filed a response (ECF No. 77) on December 14, 2017, and Defendant filed a reply (ECF No. 78) on January 5, 2017.

Plaintiff requests a stay in this action pending the D.C. Circuit Court's decision in *ACA Int'l v. Fed. Commc'ns Comm.*, No. 15-1211 (D.C. Cir. 2015).  Plaintiff argues that since the decision may resolve several issues central to this case, a stay of all proceedings should be granted until the decision is announced.  Defendant argues that a stay would be prejudicial given its indefinite duration, and that the decision in *ACA Int'l* is unlikely to affect the litigation of this case.

Courts have authority to stay proceedings "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).  To determine whether a stay is appropriate in a particular case, a court must "weigh competing interests and maintain an even balance." *Id.*  However, "if there is even a fair possibility that the stay will work damage to some one else, the stay may be inappropriate absent a showing by the moving party of hardship or inequity." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

Here, Plaintiff has brought a claim under 47 U.S.C. § 227, the Telephone Consumer Protection Act (TCPA).  Plaintiff alleges that Defendant made unsolicited calls to him at a telephone

number that he had recently acquired. Defendant argues that the calls were intended for a former customer that had previously provided Defendant's phone number to it.

Concurrent to this litigation, the D.C. Circuit Court is considering *ACA Int'l*, which presents two questions regarding the FCC's interpretation of the TCPA: (1) whether the statutory term "called party" refers to the person who receives a call or the person who the caller meant to receive the call, and (2) whether a safe harbor exemption for unintentionally calling the wrong person is limited to the first such call or extends further. *ACA Int'l* is a consolidated case involving challenges of the FCC's interpretation from multiple Circuits Courts. As such, the D.C. Circuit's ruling on these questions will be binding in this and all other Circuits. *GTE S., Inc. v. Morrison*, 199 F.3d 733, 743 (4th Cir. 1999).

This Court finds that the questions raised by *ACA Int'l* are central to the resolution of this case. If the "called party" legally refers only to the party intended to be called, then evidence that Defendant intended to call its former customer rather than Plaintiff will be highly relevant, and perhaps dispositive of Plaintiff's claims. If the safe harbor provision extends beyond an initial call, the extent of Plaintiff's claims may be limited, or even eliminated. Since the D.C. Circuit's decision on these questions will be binding on this Court, waiting for the decision in *ACA Int'l* would simplify the issues in this case significantly, and prevent the parties from litigating issues that may later become moot.

Still, the Court must also consider the potential for prejudice to the Plaintiff. Here, the Court finds that the potential for prejudice to Plaintiff is minimal. Oral arguments were held in *ACA Int'l* on October 19, 2016, so a decision is likely to come out in a matter of a few months. Plaintiff does not articulate any particular harm that would stem from such a delay, other than the frustration of its desire to move forward with the case. However, litigants may be subject to delays that are "not immoderate in extent and not oppressive in [their] consequences" in the interest of convenience or public welfare. *Landis,* at 256. The potential duration of a stay in this case is modest, despite Plaintiff's argument that the case will likely be resolved only after an appeal to the Supreme Court, which could take more than a year. A stay in this case would only apply for the duration of the

2

appeal to the D.C. Circuit.  Given the lack of any particular harm to Plaintiff, and the Court finds that the benefits of a stay in this case outweigh the potential for prejudice.

      IT IS THEREFORE ORDERED that Defendant's motion to stay (ECF No. 71) is GRANTED.  After the decision in *ACA Int'l* is announced either party may request that the stay be lifted.

      DATED: February 6, 2017.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge