Craig K. Perry (NV Bar No. 03786)
cperry@craigperry.com
CRAIG K. PERRY & ASSOCIATES
8010 W. Sahara Avenue, Suite 260
Las Vegas, Nevada 89117
Tel: (702) 228-4777

Evan M. Meyers (*pro hac vice*)
emeyers@mcgpc.com
MCGUIRE LAW, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, Illinois 60601
Tel: (312) 893-7002

*Attorneys for Plaintiff*

Lauri A. Mazzuchetti (*pro hac vice*)
lmazzuchetti@kelleydrye.com
KELLEY DRYE & WARREN LLP
One Jefferson Road, 2nd Floor
Parsippany, New Jersey 07054
Tel:  973-503-5924

Craig R. Anderson, Esq.
Nevada Bar No. 6882
MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
*Attorneys for Defendant*
*Kohl's Department Stores, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| KIRBY SPENCER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KOHL'S DEPARTMENT STORES, INC.,<br><br>Defendant. | No. 2:14-cv-01646-RFB-CWH<br><br>**[JOINT PROPOSED]**<br>**DISCOVERY PLAN AND**<br>**AMENDED SCHEDULING ORDER**<br><br>Hon. Richard F. Boulware, II<br><br>Magistrate Judge Carl W. Hoffman |

Plaintiff Kirby Spencer ("Plaintiff"), by and through his attorneys Craig K. Perry & Associates and McGuire Law, P.C., and Defendant Kohl's Department Stores, Inc. ("Kohl's"), by and through its attorneys Marquis Aurbach Coffing, P.C. and Kelley Drye & Warren LLP, pursuant to the Court's Orders of July 12, 2018 (ECF No. 84) and July 30, 2018 (ECF No. 86) and Local Rule 16-1, hereby propose the following discovery plan and amended scheduling order:

I.       Procedural History

    1.       Plaintiff commenced this action on October 7, 2014.  (ECF No. 1).

    2.       Pursuant to the Court's September 30, 2015 Order, Plaintiff filed his First Amended Complaint on October 13, 2015 (ECF No. 50), and Kohl's filed its Answer to the First Amended Complaint on November 13, 2015 (ECF No. 53).

    3.       On November 24, 2015, the Court issued an Amended Scheduling Order setting a discovery deadline of May 3, 2016, a deadline for Plaintiff to file a motion for class certification of May 27, 2016, and a deadline for Defendant to file dispositive motions 60 days after the Court's ruling on the motion for class certification.  (ECF No. 55).

    4.       On March 2, 2016, the Court extended the discovery deadline until July 8, 2016, and the Plaintiff's deadline to file a motion for class certification was extended until August 2, 2016 (ECF No. 59).

    5.       On July 8, 2016, the Parties filed a Joint Motion to Stay Proceedings after a Motion to Transfer was filed in a different case before the Joint Panel on Multidistrict Litigation (ECF No. 62), which was granted by the Court on July 13, 2016, staying this action (ECF No. 63).

    6.       Following the denial of transfer to the JPML, the Court ordered that the stay be lifted (ECF No. 66), and on November 1, 2016, this Court issued a Scheduling Order, extending the discovery deadline until April 28, 2017, and extending Plaintiff's deadline to file a motion for class certification until May 26, 2017 (ECF No. 70).

    7.       On February 6, 2017, the Court granted Kohl's Motion to Stay pending the decision of the D.C. Circuit Court of Appeals in *ACA Int'l v. Fed. Commc'ns Comm.*, No. 15-1211 (D.C. Cir. 2015) (ECF No. 83).

    8.       On July 12, 2018, the Court entered an Order lifting the stay following the D.C. Circuit's decision, and ordered that the Parties submit a proposed discovery plan and scheduling order, and that Kohl's file a dispositive motion relating to the D.C. Circuit's decision, within two weeks, by July 26, 2018 (ECF No. 84), a deadline that was extended to August 16, 2018, pursuant to stipulation by the Parties, so that the Parties could discuss a potential resolution to this matter (ECF No. 86).

II.     The Scope Of Discovery Remaining

Although the Parties have each propounded and responded to discovery, and although some oral discovery has taken place, certain discovery remains outstanding.  Specifically, Plaintiff is still seeking Kohl's policies and procedures relating to its automated debt collection calling operations, written responses to Plaintiff's Second Set of Interrogatories, the identification of other vendors (other than Interactive Intelligence) utilized by Kohl's as part of its automated debt collection calling operation, as well as call logs identifying the automated calls made to putative class members.  The Parties will meet and confer concerning Plaintiff's requests for additional discovery.  The Parties hope to complete all outstanding written discovery amicably and without Court intervention but propose sufficient time to account for discovery motion practice, as needed.

The Parties previously agreed informally that Kohl's would be entitled to conduct the deposition of Plaintiff before Plaintiff would conduct the deposition of Kohl's 30(b)(6) witness, and that the 30(b)(6) deposition would occur after Kohl's had produced documents. Kohl's took Plaintiff's deposition on February 25, 2016.  On April 18, 2016, Plaintiff served Kohl's with a 30(b)(6) deposition notice, but because of the stay of this case, the 30(b)(6) deposition has not yet taken place.  Further, the Parties previously agreed informally that, in the interest of efficiency, Plaintiff would not make his expert disclosures until after the deposition of Kohl's 30(b)(6) witness.  Thus, expert disclosures have not yet been made.

III.    Proposed Deadlines

Plaintiff proposes that the Court enter a Scheduling Order as follows:

| | | |
|---|---|---|
| 1. | Fact Discovery Cut-Off: | November 15, 2018 |
| 2. | Plaintiff's Expert Disclosures Due: | December 14, 2018 |
| 3. | Defendant's Rebuttal Expert Disclosures: | January 25, 2019 |
| 4. | Deadline to File Motion for Class Certification: | March 27, 2019 |
| 5. | Dispositive Motions | No later than 60 days after Court's ruling on Motion for Class Certification. |

1    Kohl's position is that discovery should continue to be held in abeyance pending the
2 Court's resolution of its Motion for Judgment on the Pleadings, or, in the Alternative, for a Stay,
3 filed the same day as this Discovery Plan in accordance with the Court's order.  Kohl's proposes
4 that the Court enter the following Scheduling Order, in the event the Court denies Kohl's Motion:

| | | |
|---|---|---|
| 1. | Fact Discovery Cut-Off: | 90 Days from Resolution of Defendant's Motion |
| 2. | Plaintiff's Expert Disclosures Due: | 120 Days from Resolution of Defendant's Motion |
| 3. | Defendant's Rebuttal Expert Disclosures: | 150 Days from Resolution of Defendant's Motion |
| 4. | Deadline to File Motion for Class Certification: | 210 Days from Resolution of Defendant's Motion |
| 5. | Dispositive Motions | No later than 60 days after Court's ruling on Motion for Class Certification. |

Dated:  August 16, 2018

Respectfully submitted,

MCGUIRE LAW, P.C.

By: /s/ Evan M. Meyers
Evan M. Meyers (admitted *pro hac vice*)

*Attorneys for Plaintiff Kirby Spencer*

Dated:  August 16, 2018

KELLEY DRYE & WARREN LLP

By: /s/ Lauri A. Mazzuchetti
Lauri A. Mazzuchetti (admitted *pro hac vice*)
(via email authorization)

*Attorneys for Defendant*
*Kohl's Department Stores, Inc.*